UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RANDOLPH P. BROWN,<br><br>Defendant. | CASE NO. CR21-058RSM<br><br>ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER |

This matter comes before the Court on Defendant Brown's Motion for Revocation of Detention Order. Dkt. #231. The Court has determined that oral argument is unnecessary.

On March 31, 2021, the government secured an indictment charging the Defendant and three others with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Dkt. #1. The Defendant was also charged with Possession of Controlled Substances with Intent to Distribute, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Felon in Possession of a Firearm. *Id*.

The Defendant was arrested on April 7, 2021, and made his Initial Appearance the same day. Dkt. #18. The government sought detention, invoking the presumption of detention applicable in drug trafficking cases. Dkt. #17. At the detention hearing held a few days later,

ORDER – 1

the Honorable Paula L. McCandlis released the defendant on an appearance bond. Dkt. #39. The conditions of the bond included location monitoring and a curfew. *Id*.

Over the next 18 months, the defendant repeatedly violated the conditions of his bond. This resulted in the filing of nine different violation reports. These violations included repeated alcohol and drug use.

On September 15, 2022, the Defendant came before the Magistrate Judge[1] to enter pleas of guilty and to address the most recent bond violation report. Dkt. #226. Defendant admitted his bond violations. *Id*. The Government argued for detention, joined by U.S. Probation. The pretrial services officer advised the Magistrate Judge that, in addition to the violations, there were issues with the defendant's truthfulness with the officer and with the Defendant properly charging his location monitor—both of which had been addressed orally at previous hearings. The Magistrate Judge then observed that a different standard of release applied to defendants who had pled guilty. The Magistrate Judge also determined that the conditions in the bond were insufficient to secure the safety of the community and, even if there were, the Defendant was unlikely to abide by such conditions; the Magistrate Judge revoked the bond. Dkts. #226 and #230. The instant Motion followed.

An appeal of a Magistrate Judge's detention order is governed by 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a Magistrate Judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192

---

[1] The Government repeatedly refers to Magistrate Judge Vaughan as "the magistrate" in its brief. Congress adopted the title of "United States Magistrate Judge" several decades ago. Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, the Government is advised to use the appropriate title: Magistrate Judge.

ORDER – 2

(9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

For a defendant *charged* with an offense for which the maximum term of imprisonment under the Controlled Substances Act is ten years or more, there is a rebuttable presumption that no condition or combination of conditions will reasonably secure the appearance of the defendant and assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A). However, once a defendant has entered a plea of guilty, the standard is different. Post-conviction, 18 U.S.C. § 3143 governs whether a defendant should be detained pending sentencing (or execution of sentence). That statute provides, in pertinent part, that a defendant "shall" be detained pending imposition of

ORDER – 3

sentence unless certain exceptions apply. 18 U.S.C. § 3143(a)(1). These exceptions include that the applicable sentencing guideline does not encompass a term of imprisonment or "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id*. However, if a defendant has been convicted of a drug offense with a maximum sentence of ten years or more, different exceptions apply. 18 U.S.C. § 3143(a)(2) (referencing 18 U.S.C. § 3142(f)(C), which applies to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)"). In such a case, detention is required unless (1) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted (18 U.S.C. § 3143(a)(2)(A)(i)), or the government has recommended a sentence of no imprisonment (18 U.S.C. § 3143(a)(2)(A)(ii)), and (2) the Court finds by clear and convincing evidence that the defendant will not flee or pose a danger to the community (18 U.S.C. § 3143(a)(2)(B)).

Based on the record before Judge Vaughn, the Court agrees with the Government that detention is required. The Defendant was convicted of a drug offense with a maximum sentence of 40 years. 21 U.S.C. § 841(a)(1), (b)(1)(B), 846; Dkts. #221 and #228. Therefore, the standard set forth in 18 U.S.C. § 3143(a)(2) applies. None of the exceptions to the requirement of detention set forth in that statute are present here. Even if detention were not required, the factors normally considered would weigh against release given Defendants' increased risk to the community since the initial detention hearing and the possibly of flight given his issues with location monitoring. The Defendant has not shown by clear and convincing evidence that he will not flee and does not place the community at risk.

ORDER – 4

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Brown's Motion for Revocation of Detention Order, Dkt. #231, is DENIED.

DATED this 13th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 5